UNITED STATES of America

v.

M/V BIG SAM, in rem, Tri-Capt, Inc., Zito Towing, Inc., ABC Insurance Co., T/B BUTANE, in rem, Keith S. Edwards, and Water Quality Insurance Syndicate.

Civ. A. No. 78–86.

United States District Court,
E. D. Louisiana.

Nov. 30, 1979.

John P. Volz, U. S. Atty., Leonard P. Avery, Asst. U. S. Atty., New Orleans, La., James A. Lewis, Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., for plaintiff United States of America.

Francis Emmett, New Orleans, La., for defendants Keith S. Edwards d/b/a Delta Barge Line, Water Quality Ins. Syndicate, and Keith S. Edwards d/b/a Delta Barge Line as claimant of the Barge BUTANE.

Normand F. Pizza, Reuter & Reuter, New Orleans, La., for defendants M/V BIG SAM and Zito Towing, Inc.

Thomas J. Wagner, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant Mission Ins. Co.

HEEBE, Chief Judge:

On its own motion, this Court heard oral argument and received additional memoranda relative to reconsideration of its ruling of May 9, 1978, as it relates to a determination of two issues: whether or not the United States has a cause of action for recovery of its actual expenses incurred in oil clean-up operations based on a maritime tort of oil pollution; what the interaction is between the Refuse Act of the Rivers and Harbors Act of 1899, 33 U.S.C. §§ 407, 411–12, and the Federal Water Pollution Control Act of 1972, 33 U.S.C. § 1251, et seq. Contrary to our decision, published at 454 F.Supp. 1144 (1978), other courts have held that no tort action exists and that the FWPCA pre-empts the Refuse Act.

In *United States v. Dixie Carriers, Inc.*, 462 F.Supp. 1126 (E.D.La., 1978), the court said: "On the narrow issue of the liability of vessel owners and operators for the full amount of the United States oil spill clean-up expenses, I find that the statutes (Refuse Act of Rivers and Harbors Act and FWPCA) do conflict and the Refuse Act must give way." The court in *Complaint of Steuart Transportation Company*, 435 F.Supp. 798 (E.D.Va., 1977), stated: "The court holds that FWPCA acts as a limit to [the claim of the United States for oil spill clean-up expenses] regardless of the basis on which it is made. By enacting FWPCA, Congress comprehensively established standards and limits of liability for oil spill clean-up costs." (This latter case was affirmed, *Steuart Transp. Co. v. Allied Towing Corp., Etc.*, 596 F.2d 609 (4th Cir. 1979).) See, also, *In re Oswego Barge Corp.*, No. 76–CV–269 (N.D.N.Y., Nov. 13, 1978).

On further examination, we have reconsidered these cases and are convinced by their reasoning. Consequently, the Court has decided to reverse its former decision in order to follow them and put ourselves in accord with the majority view. This decision has several effects. First, the motion of Zito Towing, Inc. and the M/V BIG SAM for summary judgment against Mission Insurance Company, presently under submission in this case, is now moot. Second, the Court will accede to the alternative request submitted on behalf of Zito Towing and the M/V BIG SAM and reduce the bond required in the previous decision to a maximum of $15,500 ($100 × 155 gross tons), based on the tonnage of the BIG SAM. However, under this decision, we only decide that the United States has one cause of action against the parties, and that it is pursuant to the FWPCA. The Court is not determining, at this time, whether or not the claim is actually viable against all of the parties, but is amenable to receiving independent motions from any party desiring to raise the issue individually, in light of this new position the Court now takes. In particular, we are inclined to believe that defendants, Keith S. Edwards, d/a/b Delta Barge Line, Water Quality Insurance Syndicate, and Keith S. Edwards, d/b/a Delta Barge Lines, as claimant of the Barge BUTANE, should have a definitive indication from the United States as to what evidence they rely on to indicate any potential liability of these defendants under the FWPCA at this time.

Subsequent to the reargument of the matters presented above and submission of them to the Court, the United States moved

the Court for a continuance of the trial in this matter, which is set for December 10, 1979. The basis for the motion is that this Court should wait the outcome of the decision on the appeal of *United States v. Dixie Carriers, Inc.*, supra, which the Fifth Circuit Court of Appeals has agreed to consider. As noted, the question in that case also is whether the FWPCA bars relief based on the Refuse Act and maritime tort. Without any means of determining when a decision will be rendered by the Fifth Circuit and whether or not the decision will then be appealed, we think it would be burdensome to defendants to have our case stayed for an undefined period of time. However, because the Court itself is unable to try this case on that day because it will be trying a criminal case which must be heard at that time, the trial date will have to be continued, but to a fixed time. It may be that the action will be disposed of without the necessity of a trial, but a new trial date will be assigned in order to cover all eventualities. Accordingly,

IT IS THE ORDER OF THE COURT that the decision of the Court dated May 9, 1978, be, and the same is hereby, REVERSED and those causes of action set forth by the United States in its complaint based on tort liability or the Rivers and Harbors Act are hereby DISMISSED as to all named defendants.

IT IS THE FURTHER ORDER OF THE COURT that the previously set bond be, and the same is hereby, REDUCED to a maximum of $15,500, based on the tonnage of the M/V BIG SAM.

IT IS THE FURTHER ORDER OF THE COURT that the trial of this case, presently set for December 10, 1979, be and the same is hereby, CONTINUED to June 16, 1980, with a pre-trial conference SET for June 6, 1980.